# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**DOUGLAS BRYANT,**
**Claimant Below, Petitioner**

**FILED**
September 10, 2013
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**vs.)    No. 11-1593** (BOR Appeal No. 2045867)
(Claim No. 2001026252)

**WEST VIRGINIA OFFICE OF**
**INSURANCE COMMISSIONER**
**Commissioner Below, Respondent**

**and**

**CITY OF BECKLEY,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner Douglas Bryant, by John H. Shumate Jr., his attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. The West Virginia Office of the Insurance Commissioner, by Jack M. Rife, its attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated October 26, 2011, in which the Board affirmed a March 28, 2011, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges affirmed three claims administrator's Orders dated September 3, 2009, October 29, 2009, and November 12, 2009 denying authorization for a pain clinic referral, Zoloft, Lamictal, Seroquel, Valium, and Ultam. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Mr. Douglas Bryant was working as a light equipment operator for the City of Beckley when he sustained injuries to his back on October 27, 2000. On December 17, 2001, lumbosacral

1

strain, lumbar strain, and major depressive disorder were added as compensable components of Mr. Bryant's claim. On September 3, 2009, the claims administrator denied a request for Mr. Bryant to be evaluated at a pain clinic. On October 29, 2009, the claims administrator denied a request for authorization of Zoloft, Lamictal, Seroquel, and Valium. On November 12, 2009, the claims administrator again denied the authorization for Zoloft, Lamictal, Seroquel, and Ultram.

The Office of Judges affirmed all three of the claims administrator's Orders. Mr. Bryant appealed all three denials and argues that the medical evidence supports a finding for authorization of a pain clinic evaluation and for the medications: Zoloft, Lamictal, Seroquel and Ultram. The West Virginia Offices of the Insurance Commissioner argues that the medical evidence shows that the current conditions are not related to Mr. Bryant's compensable injuries and are most likely due to progressive degenerative changes of the lumbosacral spine.

The Office of Judges found that the preponderance of the evidence demonstrates that a referral to a pain clinic was not medically related or reasonably required for the treatment of Mr. Bryant's compensable injuries. The Office of Judges held that the need for treatment of the spine ten years after the occupational soft tissue injury could not be reasonably attributed to the occupational injury given the evidence of degenerative changes at the time of the injury.

The Office of Judges found that the continued authorization of psychiatric medication is not medically related or reasonably required for the treatment of Mr. Bryant's compensable diagnosis. The Office of Judges noted that Dr. Ralph Smith performed an independent psychiatric evaluation and issued a report dated October 28, 2010, in which he found that Mr. Bryant had reached maximum medical improvement with regards to his compensable injuries. The Office of Judges held that it was unreasonable to attribute Mr. Bryant's ongoing symptoms and need for psychiatric treatment to the ten-year-old occupational injury, given the existence of personality disorders and Mr. Bryant's prior history of depression. The Board of Review agreed in its Order of October 26, 2011. We agree with the reasoning and conclusions of the Board of Review.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED: September 10, 2013**

**CONCURRED IN BY:**
Chief Justice Brent D. Benjamin
Justice Robin J. Davis
Justice Margaret L. Workman
Justice Allen H. Loughry II

**DISSENTING:**
Justice Menis E. Ketchum